UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

BRIAN VIRAMONTES,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7:18-039-KKC

**MEMORANDUM OPINION
AND ORDER**

Brian Viramontes is an inmate at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Viramontes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Viramontes's petition.

As best as the Court can tell from Viramontes's petition, *see* R. 1, and his underlying criminal case, *see United States v. Brian Viramontes*, No. 2:09-cr-445-DSF-7 (C.D. Cal. 2009), Viramontes was convicted of multiple crimes in California state court and sentenced to a term of imprisonment. While Viramontes was serving time in state prison, federal prosecutors in the Central District of California charged him with multiple drug- and gun-related crimes. *See id.* Viramontes eventually pled guilty to racketeering; conspiracy to distribute methamphetamines; possession with the intent to distribute methamphetamines; being a felon in possession of a firearm; and using and carrying a firearm during and in relation to a crime of violence or drug trafficking crime. *See id.* at R. 1028. In September 2010, the trial court sentenced Viramontes to a total of 210 months in prison and ordered that his prison term "be served concurrently to the undischarged term of imprisonment in Los Angeles County Superior Court Case No. VA102514." *Id.* at R. 1348.

Viramontes recently filed a § 2241 petition with this Court, arguing that the Bureau of Prisons (BOP) improperly calculated the date of his release from federal custody. [R. 1].

Viramontes appears to be arguing that he should have received time off of his federal sentence for the three years that he spent in state custody (from September 14, 2007 to September 13, 2010) before his federal sentence was even imposed.  [R. 1 at 6-7].

Viramontes's argument is without merit.  That is because when a federal district court directs that the defendant's federal sentence is to run concurrent with the undischarged term of a previously-imposed state sentence, the federal sentence only runs concurrent with the portion of the state sentence that remains to be served.  *See Cruz-Perez v. Kizziah*, No. 7:17-cv-168-KKC (E.D. Ky. 2017); *Pitman v. Bureau of Prisons*, No. 09-cv-383-GFVT, 2011 WL 1226869, *4 (E.D. Ky. 2011); *Staley v. Patton*, No. 07-cv-122-HRW, 2009 WL 256745, *3 (E.D. Ky. 2009); *Belcher v. Cauley*, No. 08-cv-132-HRW, 2009 WL 464932, *2 (E.D. Ky. 2009).  Thus, when the federal district court imposed its sentence on Viramontes, that sentence was only set to run concurrent with the portion of Viramontes's state sentence that was left to be served.  In other words, Viramontes is not entitled to time off of his federal sentence for the three years that he spent in state before his federal sentence was even imposed.

Accordingly, it is hereby **ORDERED** as follows:

1.     Viramontes's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241     [R. 1] is **DENIED**.

2.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.     A corresponding judgment will be entered this date.

Dated April 11, 2018.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY